✓ ____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

11:43 am, Feb 18 2021

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

AM/PM USAO # 2020R00711

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM CARLOS JONES** | **Case No.**  1:20-mj-3210 TMD |

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR A SEARCH WARRANT

I, Michael Montevidoni, a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1.      The ATF and Baltimore Police Department ("BPD") have been investigating Carlos JONES for a violation of 18 U.S.C. §§ 922(g)(1) (possession of a firearm by a prohibited person). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of Deoxyribonucleic Acid ("DNA") for comparison purposes in the form of saliva from JONES, a man born in 1976, and having been assigned an FBI number ending in 5WA2, and depicted in Attachment A.  JONES is currently incarcerated at the Baltimore Central Booking and Intake Facility ("BCBIF"), located at 300 E. Madison Street, Baltimore, Maryland.  The warrant would authorize members of the ATF, or their authorized representatives, to obtain DNA contained within saliva samples from JONES, as described in Attachment B.

2.      I submit this affidavit for the limited purpose of establishing probable cause to secure the requested search warrant. I have not included details of every aspect of this investigation to date.  Rather, I have set forth only those facts that I believe are necessary to establish probable

cause supporting the warrant.  I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3.      I believe that probable cause exists that JONES possessed a firearm in violation of 18 U.S.C. § 922(g) on September 23, 2020. Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of JONES.

## AFFIANT BACKGROUND

4.      I have been a Special Agent with the ATF since July 26, 2015. I graduated from the Department of Homeland Security, Federal Law Enforcement Training Center Criminal Investigator Training Program, as well as the ATF National Academy SA Basic Training program, where I received training in the enforcement of federal firearms, arson, and explosive laws. I am currently assigned to the Baltimore Field Division, Baltimore Group VII, which is detailed to the Crime Gun Intelligence task force. I have experience in numerous law enforcement investigative techniques including executing search warrants and have been the affiant on search warrants. I have received specialized training regarding the investigation and enforcement of federal firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities, many of which resulted in arrests for firearm violations and other violent crimes and searches and seizures of individuals and property.

5.      I am familiar with firearm and narcotic statutes, and the methods employed by those who perpetrate these acts. I know based on my training and experience that DNA can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person.  This comparison can help identify or eliminate suspects.  I further know that the Baltimore

City Forensics lab will not test firearms for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

## **PROBABLE CAUSE**

6.      On September 23, 2020 at approximately 10:53 a.m., BPD Detectives observed a gray Dodge truck parked outside of Legends Barbershop located at 312 Park Avenue, Baltimore Maryland. JONES exited the vehicle and entered Legends Barbershop by unlocking the door. Based upon information that JONES was engaging in illegal controlled dangerous substance distribution, detectives continued to observe JONES. Around 12:28 p.m., JONES was sitting outside of the shop with two other individuals when one of the individuals threw him a clear plastic bag containing a white substance. JONES untied the bag and manipulated the items contained within the bag.  The bag appeared to contain several large rock-sized items white in color and packaged for street-level distribution.  JONES then stood up and reached inside the Dodge with the bag of suspected controlled substances in his hand. When JONES turned away from the vehicle, the officers did not see the bag.  The officers believed JONES placed the bag of suspected controlled substances into the Dodge.

7.      At approximately 12:49 p.m., BPD officers arrested JONES for possession of suspected controlled substances.  Officers recovered a key ring with a vehicle key fob, vehicle key, and suspected barbershop key. Officers used the key to open the Dodge.  They recovered a firearm and the bag of suspected controlled dangerous substances from the vehicle.

8.      Officers advised JONES of his rights pursuant to *Miranda*, which JONES voluntarily waived after acknowledging he understood his rights.  JONES stated that the gray Dodge truck is registered to his son, but that he had been the sole operator of the vehicle for the

last month. JONES further admitted that he possessed the controlled substances, but not the firearm.

9.      The recovered firearm was a CDM .22 caliber revolver bearing serial number 240273. The firearm was loaded with 6 rounds of .22 caliber ammunition. The firearm was test fired and determined to be operable, satisfying the definition of a firearm pursuant to 18 U.S.C. § 921. The firearm was manufactured outside the state of Maryland and traveled in interstate commerce prior to its recovery in Maryland.

10.     JONES has been convicted of unlawful possession of a firearm and sentenced to five years imprisonment. Accordingly, at the time JONES possessed the handgun on September 23, 2020, he was prohibited from possessing a firearm and knew or should have known that he had been convicted of a crime punishable by over a year imprisonment.

11.     The firearm was swabbed for the possible presence of epithelial cells.  The swabs cannot be forwarded for DNA analysis until a standard for a suspect is obtained and a comparison is requested.

## DNA AUTHORIZATION REQUEST

12.     Based on my training and experience, I believe that JONES's DNA may be on the firearm recovered during his arrest.  A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes in the form of saliva from JONES to compare to the swabs taken from the firearm that I believe was possessed by JONES in violation of 18 U.S.C. § 922(g), possession of a firearm by a prohibited person.

13.     Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement

agents, to obtain DNA samples from JONES so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

MICHAEL
MONTEVIDONI

Digitally signed by
MICHAEL MONTEVIDONI
Date: 2020.12.17 22:27:11
-05'00'

_____
Special Agent Michael Montevidoni
Bureau of Alcohol, Tobacco, Firearms and Explosives

      Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 21 day of _December_____, 2020.

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

## ATTACHMENT A

**Photograph of Person to be Searched**

Carlos JONES
YOB: 1976
Currently residing at: BCBIF
Last four digits of FBI No.: 5WA2



## <u>ATTACHMENT B</u>

**Description of Items to be Seized**

Buccal (oral) swabs of the inside of Carlos JONES's mouth limited to the extent where sufficient samples of DNA are obtained.